# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,** | |
| Plaintiff, | **CIVIL ACTION NO.: 4:20-cv-226** |
| v. | **JURY TRIAL DEMANDED** |
| **INFORMATICA CORP.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against Informatica Corp. ("Informatica" or "Defendant").

## PARTIES

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. Informatica is a Delaware corporation with its principal place of business at 2100 Seaport Blvd., Redwood City, CA 94063. Informatica maintains an office in the Eastern District of Texas at 5830 Granite Parkway, Suite 200, Plano, TX 75024. Informatica's Registered Agent for service of process in Texas appears to be CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has an established place of business – specifically, an Informatica office – located within the Eastern District of Texas, in Plano, Texas:



8. Informatica has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas.

9. Informatica's office in Plano, Texas is a regular and established place of business in this Judicial District, and Informatica has committed acts of infringement (as described in

detail, hereinafter) within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, software as a service (SaaS), and/or platform as a service (PaaS) (collectively, "software") for organizing, referencing, searching and analyzing data across multiple networked resources – including, but not limited to, Informatica's Master Data Management Hub Platform ("Informatica Platform").

12. The Informatica Platform is the infringing instrumentality.

13. The Informatica Platform is server-based, operatively couples to a plurality of networked systems and resources, and accesses and retrieves data from across those networked systems.

14. The Informatica Platform operates via internet-based access to networked systems and data sources ("data resources").

15. The Informatica Platform provides for request and query based access to data from, and about, data resources.

16. The Informatica Platform processes a user request or query, and responsively retrieves data from data resources.

17. The Informatica Platform utilizes and maintains a registry of data resources.

18. The Informatica Platform dynamically processes transaction requests or queries, selects data resources, and performs operations on those data resources to provide a responsive resource or result to a user.

19. The Informatica Platform generates and processes transaction requests for access to particular data resources, selects one or more responsive data resources, and provides access to a responsive resource through a user interface.

20. Plaintiff herein restates and incorporates by reference paragraphs 11 – 19, above.

21. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within the Informatica Platform.

22. The Informatica Platform comprises a networked computer system that provides a resultant resource responsive to a transaction request.

23. The Informatica Platform comprises transaction processing constructs.

24. The Informatica Platform comprises a plurality of networked resources communicatively coupled to provide specific resources responsive to a transaction processed by the Informatica Platform.

25. The Informatica Platform maintain registries of networked resources and resource characteristics for use in responding to transactions requests.

26. The Informatica Platform processes a transaction request utilizing contextual elements related to the request.

27. The Informatica Platform selects one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

28. The Informatica Platform generates or selects a resultant resource responsive to the transaction request, and delivers that resultant resource to the user, via a user interface.

29. The Informatica Platform infringes – at least – claims 1, 15, and 17 of the '730 Patent.

30. The Informatica Platform literally and directly infringes – at least – claims 1, 15, and 17 of the '730 Patent.

31. The Informatica Platform performs or comprises all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

32. In the alternative, The Informatica Platform infringes – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. The Informatica Platform performs substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the Informatica Platform and the claims of the '730 Patent are insubstantial.

33. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, the Informatica Platform and are therefore attributable to Informatica.

34. The Informatica Platform, when used and/or operated in its intended manner, or as designed, infringes – at least – claims 1, 15, and 17 of the '730 Patent, and Informatica is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

  e.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

  f.  Any and all other relief to which Plaintiff may show itself to be entitled.

March 18, 2020        Respectfully Submitted,

           By: /s/ *Ronald W. Burns*

            Ronald W. Burns (*Lead Counsel*)
            Texas State Bar No. 24031903
            RWBurns & Co., PLLC
            5999 Custer Road, Suite 110-507
            Frisco, Texas 75035
            972-632-9009
            rburns@burnsiplaw.com

            **ATTORNEY FOR PLAINTIFF**
            **AKOLOUTHEO, LLC**